CASE 8—PETITION EQUITY—MARCH 11.

## Stanberry v. Mallory.

APPEAL FROM HENDERSON CIRCUIT COURT.

1. RIPARIAN OWNERS—POSSESSORY TITLE.—Under a grant of land from the Commonwealth on the shores of the Ohio river the grantee owns to the thread of the stream if not precluded by the terms of the grant; but where the owner of the shore acquires title only by adverse holding he is confined to his actual occupancy on the shore unless by notorious acts of ownership he furnishes evidence of his intention to claim and hold to the middle of the stream.

YEAMAN & LOCKETT FOR APPELLANT.

R. H. CUNNIINGHAM AND S. B. & R. D. VANCE FOR APPELLEES. (Record and briefs not in office.)

JUDGE HAZELRIGG DELIVERED THE OPINION OF THE COURT.

As early as 1796, as appears from a map made by the French General Collot, Towhead island in the Ohio river was a separate and distinct island, situated below the mouth of Green river, and lying to the south of and between Green river island and the Kentucky shore.

The first information the record before us furnishes as

to its acreage is to be gathered from the patent granted by
the State of Kentucky to Capt. Terry in 1826 for 22½ acres,
and this only showing that it was at least that large in
area.    It is inferable that it was not much larger at that
time.    It increased rapidly, however, by accretion at its head,
and in 1842 another patent, embracing land on this island,
issued to Matthew McClain, for 57 acres, and still another for
30 acres, denominated accretion to the head of the island,
issued to Mallory and Jackson McClain in 1878.    Mallory's
wife was the devisee of Terry, and Jackson McClain was the
grantee of Matthew McClain, so that the whole of the is-
land became the property of Mallory and McClain.    By mu-
tual deeds of 1879 they became the joint owners thereof, each
of an undivided one-half.    They were in the actual posses-
sion of the land, some of it being under cultivation, and had
been in such possession for several years before their joint
deeds in 1879, using the lands as their own and working the
gravel bar lying immediately up stream from the island and
forming a part of the growth or accretion to the island, and
which was included in the patent of 1878.

In 1888 they sued the Nugents for a balance due for gravel
dug by them under a contract, and were met by an answer to
the effect that the Stanberrys, who were the owners of the
lands on the Green river island opposite the Towhead, were
in fact the owners of the gravel bar, and were entitled to and
were claiming the proceeds sued for.

The Stanberrys appeared and their petition so averring,
was filed and taken as their answer.    The Nugents paid the
sum due from them into court and the issues as to the owner-

ship of the bar were completed and tried out between Mallory and McClain and the Stanberrys, the former winning.

It is fairly shown by the proof that the gravel bar is a growth or accretion to the Towhead and not to the Green river island, and that the patentees and their privies held the actual adverse and uninterrupted possession of the main island for many years before the institution of this action, and, moreover, had like possession of the sand bar, so far as its nature would permit of actual occupancy, for a number of years before 1878, when they obtained their patent.

This use and occupancy consisted in controlling and letting the bed out for the obtention of gravel therefrom, which was done under the eye of the Stanberrys, who lived near by and in sight of the work, and who at no time set up any claim thereto. Moreover, it is shown that the elder Stanberry, under whom appellants claim, distinctly disclaimed any interest in or ownership of this bed, and so testified in a suit involving its title in about the year 1880.

It is insisted for the appellants, however, under the rule settled in this State, in the case of Berry v. Snyder, &c., 3 Bush, 266, that under a grant of land from the Commonwealth on the shore of the Ohio river the grantee owns to the thread of the stream, if not precluded by the terms of the grant, and that they are, therefore, the owners to the thread of the Ohio, which admittedly lies south of both the Towhead and Green river islands.

A complete answer to this contention is that the Stanberrys are the owners of the shore only by adverse holding. And it seems to be well settled that one who so holds is confined to his actual occupancy on the shore unless by noto-

rious acts of ownership, in so far as he may be able to exercise them, he furnishes evidence of his intention to claim and hold to the middle of the stream. This case affords an illustration of the wisdom of this limitation on the general rule. If the owners of Towhead island and its accretion opposite the land of appellants had sued the shore owners in ejectment the answer may well have been, "we have not encroached on you—we are in the occupancy of the shore and have a right to be"—and yet, if the patentees did not sue, it is contended the adverse holding of the shore ripened into a perfect title to the thread of the stream. If, however, the shore owner has a grant from the sovereign, and under this well known rule is thereby entitled to claim to the thread of the stream, his opposing claimant has notice, and may contest his right. (Corning v. Troy Iron and Nail Factory, 34 Barbour, 532, and cases cited.)

The judgment dismissing the claim of the Stanberrys is affirmed.